**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2333 No. 2:12-mn-00001 |
| MANZOOR AHMAD WANI AND SOZI WANI, individually and on behalf of all others similarly situated, Plaintiffs, vs. MI WINDOWS AND DOORS, INC., Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:12-cv-01255-DCN **ORDER** |

This matter is before the court on defendant's motion to dismiss Counts II, III, and VI of plaintiffs' amended complaint and to strike plaintiffs' request for equitable tolling of the statute of limitations. The court grants the motion to dismiss as to Count II (unjust enrichment), Count III (fraudulent concealment), and Count VI (Ohio Consumer Sales Practices Act), but denies defendant's request to strike.

## I. BACKGROUND

On December 5, 2011, plaintiffs Manzoor Ahmad Wani and Sozi Wani (Wanis) filed a class action complaint in the United States District Court for the Southern District of Ohio against MI Windows and Doors, Inc. (MIWD), alleging jurisdiction based on diversity of citizenship. The Wanis filed an amended complaint on January 9, 2012. MIWD filed its answer on February 13, 2012 along with the instant partial motion to dismiss. On April 23, 2012, this and other cases were transferred to this court by the

1

Judicial Panel on Multidistrict Litigation for consolidated pretrial proceedings. Following the transfer, on August 15, 2012, the Wanis filed a response in opposition to MIWD's partial motion to dismiss. MIWD filed a reply on August 27, 2012. This court held a hearing on September 19, 2012.

In their amended complaint, the Wanis bring claims for breach of implied warranty, unjust enrichment, fraudulent concealment/non-disclosure, negligent misrepresentation, negligence, violation of the Ohio Consumer Sales Practices Act, breach of express warranty, and declaratory relief. The Wanis allege that MIWD manufactured certain windows that were defective in design in that the loss of seal along the bottom of the glass allowed moisture and water intrusion into their home. Am. Compl. ¶ 18. The Wanis further allege that this defect led to growth of mineral deposits and mold and caused damage to other property in the home. Id. ¶ 8. According to the Wanis, MIWD denied warranty coverage because they are the second owners of their home. Id. The Wanis seek to recover damages both individually and on behalf of two classes of persons owning structures in Ohio in which MIWD's 3500, 4300, and 8500 series of windows were installed. Id. ¶ 10. Finally, the Wanis allege that MIWD should be estopped from relying on a statute of limitations defense since MIWD knew of the defect for years but failed to disclose it to the Wanis and the purported class members. Id. ¶¶ 23-24.

## II.   STANDARDS

### A. Applicable Law

This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law. V&M Star Steel v.

Centimark Corp., 678 F.3d 459, 465 (6th Cir. 2012). For diversity cases that are transferred in a MDL, "the law of the transferor district follows the case to the transferee district." Manual for Complex Litigation Fourth § 20.132. Therefore, this court must apply Ohio substantive law and federal procedural law.

### B. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. A complaint must contain sufficient factual allegations in addition to legal conclusions. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Factual allegations "'merely consistent with liability'" are not sufficient. Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 129 S. Ct. at 1949).

### III.   DISCUSSION

MIWD moves to dismiss counts II, III, and VI of the amended complaint.

### A.     Count II – Unjust Enrichment

First, MIWD argues that Count II must be dismissed because there was no "economic transaction" between the parties, so plaintiffs could not have possibly conferred a benefit on MIWD.

The Wanis are not the original purchasers of either their home or the windows in that home.  According to MIWD, a claim for unjust enrichment under Ohio law requires a showing of an economic transaction between the parties.  The Wanis respond that they are "indirect purchasers" and that Ohio law does not require privity of contract in order for a plaintiff to recover for unjust enrichment.

Unjust enrichment is a "quasi-contractual equitable claim which is limited to situations where the court may create an implied contract between the parties when one side has provided a benefit for which it should be compensated."  Davis v. Lawyers Title Ins. Corp., No. 06-357, 2007 WL 782158, at *5 (N.D. Ohio Mar. 13, 2007).  To recover for unjust enrichment, a party must show: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." Hambleton v. R.G. Barry Corp., 465 N.E.2d 1298, 1302 (Ohio 1984) (internal quotation marks omitted).

The Wanis are correct in asserting that, generally, Ohio courts allow a plaintiff to bring a claim for unjust enrichment when the plaintiff lacks privity of contract with the defendant.  See DVCC, Inc. v. Med. Coll. of Ohio, No. 05-237, 2006 WL 496036, at *6-7

(Ohio Ct. App. Mar. 2, 2006).  However, courts still require that the defendant at least have received a passive benefit from a transaction that would be inequitable for the defendant to retain.  To illustrate, in Johnson v. Microsoft Corp., 834 N.E.2d 791 (Ohio 2005), the Ohio Supreme Court held that a plaintiff who purchased a personal computer from a retailer could not maintain an unjust enrichment claim against software-maker Microsoft.  The court stated that the "rule of law is that an indirect purchaser cannot assert a common-law claim for . . . unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser."  Id. at 799.  Where "no economic transaction occurred" between the plaintiff and defendant, the plaintiff cannot establish that the defendant retained any benefit to which it was not justly entitled and, therefore, the claim for unjust enrichment must be dismissed.  Id.

Similarly, in Eisenberg v. Anheuser-Busch, Inc., No. 04-1081, 2006 WL 290308, at *12 (N.D. Ohio Feb. 2, 2006), the court dismissed an unjust enrichment claim because there was no allegation of a transaction between the parties:

> The only economic transactions the Defendants have allegedly entered into were the transactions by which they sold their products to a retailer. Those products were sold without regard to who the final consumer might be, and there is no allegation that the Defendant had any control over who the retailer chose to sell its products to. . . .  There is no allegation of a transaction between the Defendants and the Plaintiffs, . . . [t]herefore, Plaintiffs cannot establish that the Defendants retained a benefit, conferred by the Plaintiffs, to which they were not entitled.  Consequently, the Plaintiffs' claim for unjust enrichment cannot be sustained.

Id.; see also Bower v. Int'l Bus. Machs., 495 F. Supp. 2d 837, 844 & n.1 (S.D. Ohio 2007) ("Nowhere in their complaint have the Plaintiffs alleged that they ever paid money directly to IBM.  Absent this, there is no way to determine that the Plaintiffs' loss has caused the Defendant's benefit. . . .  Presumably, the Defendant, as manufacturer, has

received all of the money/benefit due from the sale of the product by its receipt of payment for the product from the retailer.").

An argument similar to that of the Wanis' was rejected in a MDL case involving the application of Ohio law.  In In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation, 684 F. Supp. 2d 942 (N.D. Ohio 2009), Whirlpool, the defendant, moved to dismiss the plaintiffs' claim for unjust enrichment because the plaintiffs failed to allege that they purchased their washers directly from Whirlpool.  The plaintiffs did not allege that they ever paid any money directly to Whirlpool.  Instead, they claimed that Whirlpool profited from repair services and the purchase of cleaning products, but did not specify whether those services and products were purchased from Whirlpool or another vendor.  The court held that the plaintiffs "fail[ed] to allege that they entered into any economic transaction with Whirpool, as required to state an unjust enrichment claim under Ohio law."  Id. at 953.

Analogously here, the Wanis allege a transaction that is too remote for a court to plausibly find that MIWD retained a benefit conferred by the Wanis.  In their amended complaint, the Wanis specifically state that they are the "second owners of their home," thus, they did not purchase the home or windows.  Am. Compl. ¶ 8.  Simply relying on a "chain of sale" is insufficient.  See Hoffer v. Cooper Wiring Devices, Inc., No. 07-763, 2007 WL 1725317, at *4 (N.D. Ohio June 13, 2007) ("Ohio courts have not . . . held that purchase of products within a 'chain of sale' is sufficient to establish that a plaintiff has bestowed a benefit on a defendant.").  While the Wanis have plausibly alleged that they suffered a loss, the focus of unjust enrichment "is not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on

the defendant." Johnson, 834 N.E.2d at 286 (internal quotation marks omitted).  As it stands, the Wanis' allegation that they "conferred a benefit on [MIWD] when they purchased the Windows" is not supported by enough factual support.  Am. Compl. ¶ 34.  The court grants MIWD's motion to dismiss without prejudice.

### B. Count III – Fraudulent Concealment

Second, MIWD argues that Count III must be dismissed because the fraudulent concealment claim is not sufficiently plausible under Federal Rule of Civil Procedure 12(b)(6) and fails to satisfy the heightened pleading standard under Rule 9(b).

"To maintain an action for fraudulent concealment [under Ohio law], the plaintiff must show proof of (1) an actual concealment (2) of a material fact (3) with knowledge of the fact concealed (4) with intent to mislead another into relying upon such conduct (5) followed by actual reliance thereon by such other person having the right to so rely [and] (6) with injury resulting to such person because of such reliance."  Ross v. Trego, 681 N.E.2d 989, 991 (Ohio Ct. App. 1996) (alteration in original) (internal quotation marks omitted).

Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead fraud by stating "with particularity the circumstances constituting fraud."  "This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent."  Republic Bank & Trust Co. v. Bear Stearns & Co., 683 F.3d 239, 247 (6th Cir. 2012).  A plaintiff must "at a minimum, . . . allege the time, place and contents of the misrepresentation upon which they relied."  Frank v. Dana Corp., 547 F.3d 564, 570 (6th

7

Cir. 2008); see also Republic Bank, 683 F.3d at 253 ("Nowhere does [plaintiff] indicate when, where, or to whom the alleged misstatement was made.  This defect is fatal.").

The court finds that dismissal is appropriate under Rule 9(b).  The Wanis' amended complaint contains broad rather than particularized allegations regarding time and place of concealment.  See Am. Compl. ¶¶ 16-18 ("MIWD has sold . . . thousands of windows nationwide and in . . . Ohio"; "Through various forms of media . . . MIWD marketed, advertised and warranted that each Window was  . . . free from defects . . . .  However, the Windows contain a defect . . . ."); id. ¶ 9 (stating that "MIWD marketed, advertised, warranted and/or sold the Windows in Ohio and throughout the United States").  While the Wanis argue they have sufficiently identified the "speaker" that gave false representations as MIWD, some courts have held that to adequately plead fraud, a plaintiff must specify "who at the company made the statements."  Sullivan v. Leor Energy, LLC, 600 F.3d 542, 551 (5th Cir. 2010).

Because dismissal is appropriate under Rule 9(b), the court need not reach MIWD's argument for dismissal under Rule 12(b)(6).  The court makes note that Ohio law clearly requires a plaintiff to allege a duty to disclose in a case of fraudulent concealment.  See Spears v. Chrysler, LLC, No. 08-331, 2011 WL 540284, at *9 (S.D. Ohio Feb. 8, 2011) ("The Ohio Supreme Court instructs that the elements of a cause of action for fraud are as follows:  (a) a representation or, *where there is a duty to disclose, concealment of a fact*. . . .  [I]f a complaint alleges concealment, it must also allege an underlying duty to speak.").  Factual allegations supporting such a duty are particularly important here, since the Wanis did not purchase the windows directly from MIWD.

Such allegations are also subject to scrutiny under the Rule 9(b) standard. See Boggs v. Landmark 4 LLC, No. 12-614, 2012 WL 3485288, at *6 (N.D. Ohio Aug. 13, 2012).

Because the Wanis filed their amended complaint without the benefit of discovery, the court finds it appropriate to dismiss their claim for fraudulent concealment without prejudice.

### C.     Count VI – Violation of Ohio Consumer Sales Practices Act

Third, MIWD argues that Count VI must be dismissed because the Wanis did not engage in a "consumer transaction" and cannot bring an action under the Ohio Consumer Sales Practices Act (OCSPA or the Act). MIWD also argues that the OCSPA claim lacks sufficient factual matter under Rule 12(b)(6) and fails satisfy allege fraud with particularity under Rule 9(b).

The OCSPA, Ohio Revised Code Annotated § 1345.01 et seq., prohibits suppliers from committing "an unfair or deceptive act or practice in connection with a consumer transaction," regardless of whether the act or practice occurs "before, during, or after the transaction." Ohio Rev. Code Ann. § 1345.02(A) (2012). Under the Act, a "consumer" is "a person who engages in a consumer transaction with a supplier." Id. § 1345.01(D). A "supplier" is a "seller . . . engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." Id. § 1345.01(C). A "consumer transaction" includes "a sale . . . or other transfer of an item of goods . . . to an individual for purposes that are primarily personal, family, or household." Id. § 1345.01(A).

Privity of contract between a "consumer" and "supplier" is not a prerequisite to recovery under the OCSPA. Garner v. Borcherding Buick, Inc., 616 N.E.2d 283, 285

9

(Ohio Ct. App. 1992). This is because "the definition of 'supplier' under the . . . Act includes those who engage in the business of effecting consumer transactions, whether or not they deal directly with the consumer," and because a "supplier's representations may violate the . . . Act whether they occur 'before, during, or after the transaction.'" Id. (quoting Ohio Rev. Code Ann. § 1345.02(A)). Nevertheless, a "defendant must have some connection to the consumer transaction in question in order to be liable as a supplier for deceptive practices." Id.

It is undisputed that the Wanis did not engage in any direct transaction with MIWD. Thus, the "consumer transaction" at issue must be the purchase of the Wanis' home, including the windows, from the previous homeowner. The purchase of an existing home is not a commercial transaction under the OCSPA. "The Ohio Supreme Court has held that [the] definition [of 'consumer transaction'] was clearly intended to exclude real estate transactions from the [O]CSPA." DeLuits v. Ashworth Home Builders, Inc., 2009 WL 606121, at *2 (Ohio Ct. App. Mar. 11, 2009); see also Shore W. Constr. Co. v. Sroka, 572 N.E.2d 646, 648 (Ohio 1991) (noting that real estate transactions are excluded because the definition of "consumer transaction" is limited to "goods, services, franchises, and intangibles"). Because the Wanis have not sufficiently alleged a "consumer transaction," the court dismisses their claim under the OCSPA without prejudice.[1]

---

[1] MIWD also seeks dismissal of Count VI for failure to plead fraud with particularity under Rule 9(b). The court points out that there is "a split in case law regarding whether one must comply with the particularity requirement of Rule 9(b) in pleading claims arising under the OCSPA." Polinsky v. Comm. Health Partners Reg. Health Sys., No. 10-2544, 2012 WL 832503, at *9 (N.D. Ohio Mar. 9, 2012). Based on the lack of a valid "consumer transaction" in the current complaint, the court withholds judgment on the Rule 9(b) issue at this time.

10

### D. Equitable Tolling of Statute of Limitations

Finally, MIWD asks the court to strike the Wanis' request for equitable tolling of the statute of limitations. Equitable tolling is "available only in compelling circumstances which justify a departure from established procedures." Puckett v. Tenn. Eastman Co., 889 F.2d 1481, 1488 (6th Cir. 1989). To specifically show that equitable tolling is warranted due to fraudulent concealment, the plaintiff must "allege and establish" that: (1) defendant concealed the conduct that constitutes the cause of action; (2) the concealment prevented the plaintiff from discovering the cause of action within the limitation period; and (3) until discovery of the cause of action, the plaintiff exercised due diligence to try to find out about the cause of action. Whittiker v. Deutsche Bank Nat'l Trust Co., 605 F. Supp. 2d 914, 927 (N.D. Ohio Mar. 17, 2009). MIWD has not moved to dismiss the Wanis' claims on a statute of limitations basis. The court finds it unnecessary to strike the allegations regarding equitable tolling from the amended complaint. Rather, the better course is for the parties to proceed to discovery and, if MIWD seeks dismissal based on the expiration of a statute of limitations in the future, the Wanis may contend that tolling is appropriate. The court will rule on the Wanis' claim at that time. As such, the court denies MIWD's request to strike.

## IV.  CONCLUSION

Based on the foregoing, the court **GRANTS** defendant's motion to dismiss and **DISMISSES** Counts II, III, and VI **WITHOUT PREJUDICE**, and **DENIES** defendant's motion to strike.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 27, 2012**
**Charleston, South Carolina**